UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN L. TOMPKINS and DORCAS
M. TOMPKINS, as co-guardians and
co-conservators of BRITNI
MARIE TOMPKINS,

    Plaintiffs,

v.                                                Case No. 8:21-cv-2286-TPB-CPT

UNITED STATES OF AMERICA,
PAMELA BOSTROM, and DONALD
BOSTROM,

    Defendants.
_____/

### ORDER GRANTING "THE UNITED STATES OF AMERICA'S MOTION TO DISMISS AMENDED COMPLAINT"

This matter is before the Court on "The United States of America's Motion to Dismiss Amended Complaint," filed on January 5, 2022. (Doc. 25). Plaintiffs filed a response in opposition on January 24, 2022. (Doc. 27). A hearing was held on March 23, 2022. Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

Britni Marie Tompkins worked as a home health aide with First Light Home Care of Pinellas County, a company that contracts with the Department of Veteran Affairs ("VA") to provide VA-purchased home health care services for veterans. In February 2019, First Light requested home health aide services for Defendant

Donald Bostrom, at the home he shares with his wife, Defendant Pamela Bostrom. The Bostroms owned and kept two cats in their home.

Britni was severely allergic to cats due to moderate persistent asthma. Before First Light requested Britni's services, the VA furnished pertinent information to First Light – however, the VA failed to include the fact that the Bostroms owned and kept two non-hypoallergenic cats. In fact, Plaintiffs allege that the VA specifically informed First Light that the Bostroms had hypoallergenic cats that would not affect anyone with allergies.

Britni agreed to provide home health aide services on several occasions in February and March of 2019. During this time, Britni began to experience symptoms of allergic reaction and asthma. When asked, the Bostroms confirmed that the cats were hypoallergenic. However, the cats were not in fact hypoallergenic. Relying on this misinformation, Britni continued to provide home health aide services to Donald Bostrom. On March 7, 2019, shortly after leaving the Bostroms' home, Britni suffered a severe allergic reaction and asthmatic attack – she collapsed and sustained severe permanent injuries, including severe respiratory failure, heart attack, stroke, and brain damage. She remains in a persistent vegetative state.

Britni's parents – Plaintiffs Edwin L. and Dorcas M. Tompkins, as co-guardians and co-conservators – filed this action alleging negligence claims against the United States of America and the Bostroms. Plaintiffs generally allege that the United States negligently misrepresented that the pets Britni would be exposed to

were hypoallergenic, negligently failed to warn Britni that the pets were not hypoallergenic, and negligently failed to provide any oversight or monitoring of Britni's working conditions to ensure that the conditions were not dangerous to Britni's health or safety. The United States has moved to dismiss the amended complaint, primarily arguing that the Court lacks subject matter jurisdiction over Plaintiffs' claim(s) against the United States.[1]

## **Legal Standard**

Under Rule 12(b)(1), the plaintiff bears the burden to establish the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

---

[1] In its motion to dismiss, the United States also argues that a claim under the Service Contract Act of 1965 ("SCA") should be dismissed because the SCA does not provide a private right of action. *See, e.g.*, *Bailey v. Dejoy*, No. 1:20-cv-42-JAW, 2021 WL 767859, at *4 (D. Me. Feb. 26, 2021); *Ralton v. Collecto*, No. 14-13184-DJC, 2015 WL 854976, at *4 (D. Mass. Feb. 27, 2015) (collecting cases). In the response in opposition, Plaintiffs contend that they are not asserting any claim or private action under the SCA. As such, the Court does not further address this argument.

## Analysis

The United States contends that the Court lacks subject matter jurisdiction because any negligent misrepresentation claim is barred under 28 U.S.C. § 2680(h). "The United States and its agencies enjoy sovereign immunity, which Congress must waive unequivocally before a plaintiff can sue." *Swinnie v. Comm'r of Soc. Sec.*, No. 8:18-cv-407-T-23AAS, 2019 WL 1532532, at *1 (M.D. Fla. Apr. 9, 2019). The Federal Tort Claims Act ("FTCA") generally exempts misrepresentation claims from its waiver of sovereign immunity. 28 U.S.C. §§ 1346(b); 2680(h).

Despite some slight reframing in the amended complaint, Plaintiffs' claims clearly arise out of misrepresentations or omissions they allge the VA made concerning the Bostroms' cats. More specifically, Plaintiffs allege that the VA failed to inform Britni that the cats at the Bostrom home were not hypoallergenic, which resulted in catastrophic injuries. Although Plaintiffs argue that the VA has failed to follow its own safety manual, this case is not about the negligent performance of operational tasks. Rather, the crux of the complaint is about the representations made or not made about the nature of the cats. Therefore, the claims against the United States fall within the misrepresentation exception and are barred under § 2680(h).

Plaintiffs argue that the misrepresentation exception does not apply when the damages are based on physical injuries rather than purely economic damages. To be sure, the most common types of misrepresentation claims will arise in the commercial context. *See, e.g., Najbar v. United States*, 723 F. Supp. 2d 1132, 1137

(D. Minn. 2010). However, many courts have concluded that the misreprsentation exception applies in cases involving physical injuries or even death. *See, e.g.*, *id.* (concluding that negligent misrepresentation claim was barred in case involving physical or emotional injury); *Russ v. United States*, 129 F. Supp. 2d 905, 909 (M.D. N.C. 2001) ("[T]he misrepresentation exception of the FTCA has been applied to claims involving personal injury."); *Cole v. United States*, 651 F. Supp. 221, 225 (N.D. Fla. Dec. 24, 1986) (concluding that the plaintiff's negligent misrepresentation claim was barred in case involving death); *Diaz Castro v. United States*, 451 F. Supp. 959, 962-63 (D.P.R. 1978) (collecting cases); *Lloyd v. Cessna Aircraft Co.*, 429 F. Supp. 181, 187 (E.D. Tenn. 1977) ("As is demonstrated by the authorities heretofore cited, the misrepresentation-exception is just as applicable to actions involving personal injury, wrongful death, or property damages, as it is to those involving only financial or commercial loss."); *Vaughn v. United States*, 259 F. Supp. 286 (N.D. Miss. 1966) (holding that negligent misrepresentation exception applied in case involving physical injury).

This case is tragic. Britni Marie Tompkins, a relatively young person who suffered from a severe allergy to cats, relied on advice that the Bostroms' cats were hypoallergenic. As a result of relying on bad advice, she suffered catastrophic injuries. It does not appear that any of the potentially responsible parties have the financial resources to adequately compensate Britni and her caregivers for the damages that she has sustained. However, the fact that she suffered personal inury

as opposed to a commerical or financial injury does not impact the applicability of the misrepresentation exception. The United States' motion is granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "The United States of America's Motion to Dismiss Amended Complaint" (Doc. 25) is **GRANTED** to the extent the Court finds that it lacks subject matter jurisdiction over this matter as it pertains to Plaintiffs' claims against the United States.

2. Plaintiffs' claims against the United States are **DISMISSED**.

3. The Clerk is directed to terminate the United States as a party to this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of April, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**